IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELBERT MELTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-638-RAH-SMD |
| | ) | |
| ALBERT LOWE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Elbert Melton, Jr. ("Melton"), filed a civil rights form complaint against Defendant Albert Lowe ("Lowe") alleging that Lowe trespassed on his property. Compl. (Doc. 1) p. 1. Along with the complaint, Lowe filed a Motion to Proceed *in Forma Pauperis* (Doc. 2), which he later amended, Mot. (Doc. 9). The undersigned granted Melton's motion. Order (Doc. 10). Because Melton is proceeding *in forma pauperis*, the undersigned reviewed his complaint under 28 U.S.C. § 1915(e). Upon that review, the undersigned found that the complaint failed to sufficiently allege the basis of this Court's jurisdiction and that it did not meet federal pleading standards. Order (Doc. 11). Therefore, the undersigned afforded Melton an opportunity to amend his complaint to address these deficiencies. The Order warned Melton that his "**failure to comply with this order in its entirety will result in a recommendation that this case be dismissed for lack of subject matter jurisdiction, failure to prosecute this action, and/or failure to abide by orders of the Court**." *Id*. p. 8 (emphasis in original).

Melton has not filed an amended complaint as required by the undersigned's Order, and the time for doing so has passed. As such, Melton's complaint should be dismissed. *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* at 102.

Accordingly, because Melton has failed to comply with this Court's order to amend his complaint, and because the Court lacks the information required to determine if it has subject matter jurisdiction over Melton's dispute, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that Melton's complaint (Doc. 1) be DISMISSED without prejudice for failure to establish this

Court's subject matter jurisdiction and for failure to prosecute and abide by Court orders. Further, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before April 23, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of April, 2024.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE